Precious BANKOLE, Petitioner–
Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 04–0832PR.

United States Court of Appeals,
Second Circuit.

March 23, 2005.

Jeffery B. Rubin, P.C., Boston, MA, for
Petitioner–Appellant.

James K. Filan, Jr., Assistant United
States Attorney for the District of Con-
necticut (Kevin J. O'Connor, United States
Attorney, on the brief; Sandra S. Glover,
Assistant United States Attorney), Bridge-
port, CT, for Respondent–Appellee, of
counsel.

PRESENT: STRAUB, WESLEY,
Circuit Judges, and SESSIONS, Chief
District Judge.[1]

*SUMMARY ORDER*

Petitioner–Appellant Precious Bankole,
a native and citizen of Nigeria, appeals
from a final order entered in the District
of Connecticut (Ellen B. Burns, *Judge*)
denying Bankole's petition for a writ of
habeas corpus and for a hearing under
Section 212(h) of the Immigration and Na-
tionality Act ("INA"). On appeal, Ms.
Bankole argues that the District Court
erred in finding that she would not be
subject to imprisonment and torture upon
her return to Nigeria. Ms. Bankole also
argues that the District Court erred in not
extending the holding of *Beharry v. Reno*,
183 F.Supp.2d 584 (E.D.N.Y.2002), to her
case. We assume the parties' familiarity

1. The Honorable William K. Sessions, III,
Chief Judge, United States District Court for
the District of Vermont, sitting by designa-
tion.

with the facts, decisions and records below, submissions of the parties in the matter as present, and issues on appeal.

When reviewing a district court's denial of a habeas petition brought pursuant to 28 U.S.C. § 2241, this Court reviews the merits of the habeas petition *de novo. See Wang v. Ashcroft,* 320 F.3d 130, 139–40 (2d Cir.2003) (citing *Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir.2001)). This court has not yet enunciated "the precise standard to adopt for reviewing a BIA's application of law to fact pursuant to a § 2241 petition." *Wang,* 320 F.3d at 143. Because we find no error in the BIA's final decision, even if our review is *de novo,* we need not here address the proper standard of review. To the extent the District Court's own fact findings are challenged, this Court reviews the District Court's fact findings for clear error. *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 168 (2d Cir.2001).

For an alien to obtain protection under Article 3 of the United Nations Convention Against Torture, it must appear that, if returned to her country, she more likely than not would be tortured by, or with the acquiescence of, government officials acting under color of law. *Wang,* 320 F.3d at 133–34; 8 C.F.R. §§ 208.16(c), 208.17(a), 208.18(a). As to Ms. Bankole's potential imprisonment in Nigeria, we agree with the District Court that Ms. Bankole has not met her burden in proving "more likely than not" that she will be imprisoned and tortured under Nigerian Decree 33 for a drug offense. 8 C.F.R. § 208.16(c)(2). Ms. Bankole was convicted of money laundering, and has presented no evidence to suggest that Nigerian authorities would interpret her money laundering charge as a drug offense. Without such evidence, Ms. Bankole provides no basis for finding that she will be imprisoned and tortured upon her return to Nigeria.

We also agree with the District Court's holding that Ms. Bankole is not entitled to a Section 212(h) hearing. *See* 8 U.S.C. § 1182(h). Even assuming the reasoning of the district court in *Beharry v. Reno* was still good law, Ms. Bankole's case here does not fall within the holding of *Beharry* since it is clear that her crime of money laundering was an aggravated felony under the laws in place at the time her offense was committed. Even going back to the 1991 version of the 8 U.S.C. § 1101(a)(43), Bankole's offense of money laundering is defined as an aggravated felony because she received a sentence of 63 months. 8 U.S.C. § 1101(a)(43) (Supp. II 1991).

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.